*605 Defendant established its entitlement to judgment as a matter of law, in this action where plaintiff was allegedly injured when, while departing for work, she slipped and fell on ice located on the top step of the exterior staircase of defendant’s building. The evidence shows that a snowfall of over 10 inches ended in the early morning hours, and plaintiffs fall occurred between 6:00 a.m. and 6:30 a.m. Plaintiff failed to show that an unreasonable amount of time had elapsed from the end of the storm to defendant’s efforts to clear the premises (see Espinell v Dickson, 57 AD3d 252 [1st Dept 2008]; Whitt v St. John’s Episcopal Hosp., 258 AD2d 648 [2d Dept 1999]). Moreover, plaintiffs testimony that water dripped from the accumulated snow on the ledge above the doorway does not raise a triable issue, since defendant was entitled to the same grace period before clearing the snow and stopping the drip.
Furthermore, although it is undisputed that the handrails on the stairway were too short to comply with the Building Code, this does not warrant the denial of defendant’s motion. Plaintiff slipped immediately upon placing her foot on the stairway, and never attempted to find or hold the handrail. Thus, any violation of the Building Code was not a proximate cause of her fall (see Ridolfi v Williams, 49 AD3d 295 [1st Dept 2008]). Concur— Tom, J.P, Andrias, Saxe, DeGrasse and Manzanet-Daniels, JJ.